IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES J. WHITE,

        Plaintiff,

                                    CIVIL ACTION
  vs.                                   No. 06-3104-SAC

MICHAEL J. WAITE,

        Defendants.

ORDER

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and submitted the full filing fee.

**Background**

Plaintiff commenced this action while incarcerated in the Leavenworth, Kansas, facility operated by the Corrections Corporation of America. The sole defendant in this action is an attorney with whom the plaintiff entered a contract in May 2003 for criminal defense services (Doc. 1, Ex. 1). Plaintiff alleges the defendant later breached agreement by removing more than the agreed upon payment causing him severe financial hardship and emotional trauma.

**Discussion**

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir.1992). Accordingly, the only proper defendant in an action filed under § 1983 is one who represents the state in some capacity. Sigmon v. CommunityCare HMO, Inc., 234 F.3d 1121, 1125 (10th Cir. 2000).

Here, the sole defendant is an attorney in private practice retained by the plaintiff to conduct a defense against criminal charges. Such representation is insufficient to satisfy the "state actor" requirement under § 1983. Therefore, this action must be dismissed for failure to state a claim upon which relief may be granted.[1]

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED plaintiff's motion for the appointment of counsel (Doc. 2) is denied as moot.

---

[1] The court offers no opinion on the merits of any remedy which may be available in the state courts or an administrative forum.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 25th day of July, 2006.

                S/ Sam A. Crow
                SAM A. CROW
                United States Senior District Judge